UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21300-MC-MARRA

In re:

ALL AMERICAN SEMICONDUCTOR,
INC.,

Debtor
_____/

**OPINION AND ORDER**

This cause is before the Court upon the Motion for Leave to File an Appeal (DE 1).  The Motion is fully briefed.[1]  The Court has carefully considered the submissions and is otherwise fully advised in the premises.

A detailed history of this proceeding is unnecessary for the purposes of this motion. Instead, the Court will highlight relevant portions of the record, taken in part from the parties' memoranda and which are not disputed.  Plaintiff AASI Creditor Liquidating Trust ("AASI") seeks leave to appeal a January 24, 2013 order of the bankruptcy court which granted in part and denied in part several motions to dismiss the second amended complaint. That order also permitted Plaintiff to file a third amended complaint to correct the deficiencies of the counts dismissed without prejudice.  On February 22, 2013, Plaintiff filed its third amended complaint, which re-pled the previously dismissed counts.

The Court begins its analysis by noting that both parties concede that the appeal of the bankruptcy court's January 24, 2013 order is an interlocutory order.  As such, Appellant has "the

---

[1] Defendant Global Group Technologies, Inc. filed a Notice stating that it takes no position on the motion.  (DE 7.)   Defendant Global Systems Integration, Inc. did not file a response to the motion.

burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of [a] final [order]." Coopers & Lyband v. Livesay, 437 U.S. 463, 475 (1978) (in discussing the role of the court of appeals in interlocutory appeals); see also United States Trustee v. PHM Credit Corp., 99 B.R. 762, 767 (E.D. Mich. 1989) (district courts should allow interlocutory bankruptcy appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule).

Here, Plaintiff chose to amend the complaint. As such, Plaintiff has effectively abandoned its appeal. Plaintiff cannot both amend its complaint in the bankruptcy court and proceed on the amended pleading, and at the same time prosecute an appeal of the order granting the motion to dismiss. Even if it is procedurally proper for Plaintiff to proceed on these seemingly inconsistent tracks, the fact that Plaintiff is proceeding on an amended pleading in the bankruptcy court weighs against the Court exercising its discretion to grant leave to pursue an interlocutory appeal.

For the foregoing reasons, the Motion for Leave to File an Appeal (DE 1) is **DENIED**. The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge